IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SCOTT HARDWICK and DAWN HARDWICK,          )<br>)<br>Plaintiffs,          )<br>)<br>v.          )<br>)<br>CORRECTHEALTH BIBB, LLC, *et al.*,          )<br>)<br>Defendants.          )<br>) | CIVIL ACTION NO. 5:20-CV-127 (MTT) |

## ORDER

Defendants Courtney Coleman and Daniel Mattox move to dismiss Plaintiffs Scott and Dawn Hardwick's claims against them for insufficient service of process. Doc. 26. For the following reasons, that motion (Doc. 26) is **GRANTED**.

### I. BACKGROUND

On March 2 and 21, 2018, Scott and Dawn Hardwick's home was searched pursuant to two separate warrants. Doc. 1-1 at 4-5, 20-28. During the searches, various items were seized, including jewelry, firearms, and prescription medication. *Id*. at 4-10, 20-28.

On February 27, 2020, the plaintiffs filed suit in the State Court of Bibb County. *Id*. at 1-19. Their complaint asserted claims under state law and civil rights violations pursuant to 42 U.S.C. § 1983. *Id*. at 1-19. Defendants CorrectHealth Bibb, LLC, Michelle Delatorre, Robbie Joiner, and Michael Parrott jointly removed the case on March 30, 2020. Doc. 1. Seven defendants filed an answer after the case was

removed.  Docs. 5; 6; 8; 11; 12; 13.  However, Defendants Coleman and Mattox did not file a responsive pleading.

## II. STANDARD

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).  A motion asserting a defense under Rule 12(b) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).

"In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed."  *Rentz v. Swift Transp. Co., Inc.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998); *see also Lee v. Bank of America, N.A.*, 2013 WL 2120312, at *1 (M.D. Ga. May 15, 2013).  O.C.G.A. § 9-11-4(e)(7) provides that personal service shall be made by delivering together a copy of the summons and the complaint "to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

"After removal, the sufficiency of service of process is determined according to federal law."  *Rentz*, 185 F.R.D. at 696 (citing 28 U.S.C. § 1448); *see also* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."). "Notwithstanding his deficient attempt at service of process under state law, Plaintiff

may still perfect service after removal, under the provisions of federal law." *Rentz*, 185 F.R.D. at 697.  Rule 4(c) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c).  Rule 4(m) states that if a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time."  Fed. R. Civ. P. 4(m).  Rule 4(m) also provides that the court must extend the time for service, but only upon a showing of good cause for the plaintiff's delay.  *Id*.  "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'"  *Lepone-Dempsey v. Carroll Cty. Com'rs.*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).  "Even in the absence of good cause, a district court has the discretion to extend time for service of process."  *Id*. (citing *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)).

### III. DISCUSSION

At the outset, the Court notes that the plaintiffs did not respond to the current motion.  Nor did they move for an extension of time to respond.  Therefore, the motion is unopposed.  In any event, the record is clear—neither Coleman nor Mattox has been served.

First, Coleman and Mattox argue that the plaintiffs "failed to properly serve the summons and complaint before the matter was removed."  Doc. 26-1 at 3 (citing O.C.G.A. § 9-11-4(e)(7)).  The record, specifically the state court filings, reveals no evidence that Coleman and Mattox were personally served under Georgia law.  *See*

*generally* Doc. 1-1.  Moreover, the plaintiffs do not argue that they attempted to serve Coleman or Mattox under state law.  Thus, the plaintiffs failed to perfect service under Georgia law.

Second, Coleman and Mattox argue that neither has been served since the removal of the case to federal court.  Doc. 26-1 at 3-5.  When a case is removed, the period for service of process begins when the case is removed to federal court.  *Ritts v. Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997); *see also White v. Capio Partners, LLC*, 2015 WL 5944943, at *2 (S.D. Ga. Oct. 13, 2015); *Sallee v. Ford Motor Co.*, 2013 WL 3280325, at *3 (N.D. Ala. June 27, 2013); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed. 2017)).  Applying this rule required service to be perfected by June 28, 2020.[1]  Doc. 26-1 at 5.  There is no record, or even a contention, that Coleman or Mattox has been served.

Next, Coleman and Mattox argue the plaintiffs should not be allowed additional time to perfect service.  *Id*. at 5-10.  They argue that the plaintiffs cannot establish good cause for their failure to serve.  *Id*.  But even without good cause, Coleman and Mattox argue that the Court should not exercise its discretion to allow additional time to perfect service.  *Id*.  Anticipating an argument that the COVID-19 pandemic prevented service from being perfected, Coleman and Mattox assert that the plaintiffs "cannot hide behind COVID-19 as a factor that sustained their almost one-year delay in perfecting service." *Id*.  Additionally, they argue that the plaintiffs "cannot point to any evidence that

---

[1] Coleman and Mattox also cite authority holding the period for service after a case is removed begins when the case originated in state court.  Doc. 26-1 at 4 (citing *Igbinigie v. Wells Fargo Bank, N.A.*, 2008 WL 4862597, at *3 (M.D. Ga. Nov. 10, 2008)).  Applying this interpretation would have required service by May 27, 2020.  Doc. 26-1 at 5.

[Coleman and Mattox] are evading service or working to conceal a defect in [the plaintiffs'] attempted service." *Id*.  Finally, Coleman and Mattox note that while a dismissal will cause some of the plaintiffs' claims to be barred by the statute of limitations, the Court is not required to extend the time for service, in part, because *the plaintiffs* created the current circumstance through their "actions, or rather, inactions." *Id*. at 9-10 (citing *Lepone-Dempsey*, 476 F.3d at 1282).

Of course, the plaintiffs have not requested more time to serve and make no effort to show cause for their failure to serve.  Given that and for the reasons argued by Coleman and Mattox, the Court easily concludes that the plaintiffs should not be allowed additional time to perfect service.

In sum, the plaintiffs failed to perfect service under state and federal law.  Further, they have not established that good cause requires an extension of time to perfect service.  Finally, no argument has been made as to why the Court should exercise its discretion to extend the time for service.  Accordingly, the Court does not have jurisdiction over Coleman or Mattox, and the claims against them must be dismissed.

### IV. CONCLUSION

For the reasons discussed above, the motion to dismiss (Doc. 26) is **GRANTED**, and the plaintiffs' claims against Coleman and Mattox are **DISMISSED without prejudice**.

**SO ORDERED**, this the 11th day of May, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT